## MURDOCK v. CITY OF CINCINNATI et al.

### (Circuit Court, S. D. Ohio, W. D.   January 7, 1891.)

1. MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — WAIVER OF NOTICE — DUE PROCESS OF LAW.
   An owner of land abutting on a street, by petitioning for its improvement, and agreeing, not only to pay his own assessments, but also to answer for any deficiency in the collectibility of the assessments against other abutting owners, waives his right to notice or an opportunity to be heard before the assessments are levied; and the proceedings of the city authorities, who levied the assessment in the exercise of the power conferred on them by law, and in compliance with the petition, cannot afterwards be impeached by such abutting owner, as being without due process of law, for the lack of such notice or an opportunity to be heard.

2. SAME—PENDENCY OF ACTION IN STATE COURT.
   The institution of an action in a state court by the city against the abutting owner for the collection of the assessment affords him the opportunity of presenting every objection, either under the constitution of the United States or under the constitution and laws of the state, going to the validity of the assessment; and the judgment rendered in such action will constitute due process of law.

3. SAME—FEDERAL QUESTION.
   Whether or not complainant is personally liable for an assessment made for the improvement of a street before he became the owner of property abutting thereon is not a federal question.

In Equity.
*Rankin D. Jones*, for complainant.
*Theo. Horstman*, for defendants.

JACKSON, J.   The complainant seeks to enjoin the city of Cincinnati, its agents and officers, from collecting or enforcing against him or his property certain foot-front assessments, levied and imposed to meet and defray the expenses incurred in improving Grand, Hawthorn, and Phillips avenues, in said city, on which complainant's lot or parcel of ground bounded and abutted.   It is not denied that the laws governing the city of Cincinnati confer upon its authorities full power to make assessments to defray the costs and expenses of improving streets and avenues therein by the foot front of the property bounding and abutting upon such improvements.   By sections 2263, 2264, Rev. St. Ohio, the city council are authorized to assess the costs and expenses of acquiring and of improving

streets either upon the general tax-list, in which case the assessment is imposed upon all the taxable real and personal property in the corporation, or the same "may be assessed on the abutting, and such adjacent and contiguous, or other benefited, lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement, as the council, by ordinance setting forth specifically the lots and lands to be assessed, may determine before the improvement is made." Such assessments may be made payable in one or more installments, and at such times as the council may prescribe. It clearly appears that the city authorities directed the improvements, and made the assessments in question to defray the expenses thereof, in accordance with the provisions of the statutes relating to the subject. But it is claimed on behalf of complainant that, although the laws authorizing the assessments complained of were complied with, they, and the proceedings taken thereunder by the city authorities, are wanting in "due process of law," because said assessments are allowed and permitted to be made without notice to, or a hearing, or an opportunity of hearing, by, the owner or owners of the property to be assessed, and because, in fact, no notice was given to complainant, nor any opportunity of hearing afforded him in relation thereto.

This is the sole federal question presented by the record or involved in the case. The complainant relies upon the opinion of this court in the case of *Scott* v. *City of Toledo*, 36 Fed. Rep. 385, in support of his contention. But this case is clearly distinguishable, in several important particulars, from that of *Scott* v. *City of Toledo*, and is not properly controlled by that decision. It is shown here that complainant actually petitioned the board of public affairs of Cincinnati for the improvement of Hawthorn and Phillips avenues, and for the assessment for the whole cost of such improvement, to be made and collected in 10 annual installments, etc.; "and in consideration of the city's making said improvement," he, and each of the signers of said petitions, agreed with each other and with said city, and jointly and severally bound himself, to make good to the city any deficiency in the collectibility of the assessment, caused by insufficiency of values of property of those not signing the petitions. In respect to Grand avenue, his predecessor in title had signed and presented to said board a similar petition. In compliance with said petitions, after due and proper steps to ascertain the costs of the improvements, and the propriety of making the same, the board of public affairs recommended the making of the improvements asked for, and reported to the council the necessary ordinances on the subject, which were passed, and assessments made, and directed to be collected in 10 installments, on the basis of the foot front of the property abutting on the improvements. Due notice of those proceedings was given to complainant. After advertising for bids,' the work was let out and completed with the full knowledge and acquiescence of complainant. While said petitions for the improvement of said avenues did not, in express

terms, state upon what basis or plan the city authorities should make the assessments to pay for the same,—whether in proportion to the benefits which might result from the improvement, or according to the value of the property to be assessed, or by the foot front of the property bounding and abutting upon the improvement,—the petitioners set forth that they were severally the owners of property "represented by the foot front abutting upon" the avenues asked to be improved, and opposite their respective signatures the number of foot front was given in figures. If the petitions thus presented did not impliedly request that the assessment should be made on the foot-front plan or basis, it very clearly left that matter to the discretion of the city authorities. Under such circumstances, is complainant in position to claim that he has had no notice of the assessment or opportunity to be heard in respect thereto? The proceedings on the city's part were in accordance with the provisions of law relating to the subject. Those proceedings were had and taken at complainant's written request, and in conformity therewith. Can he now be heard to complain that there was a want of notice or opportunity to be heard in respect to what he had thus previously petitioned should be done? He not only petitioned for the improvement to be made, but expressly requested that the assessment to pay for the same should be made and collected in 10 equal annual installments, and furthermore agreed to answer for any deficiency in the collectibility of the assessment caused by insufficiency of values of property of those abutting owners not signing the petition. The Ohio decisions hold that the property owner, under such circumstances and conditions, is estopped from denying or impeaching the assessment. Whether or not such conduct constitutes a technical estoppel, it is not necessary to here discuss or determine. It is, however, a clear waiver of the right to insist upon notice, or an opportunity to be heard, in respect to steps taken or proceedings had in pursuance of the property owner's express request. When the city authorities exercise power conferred by law at the instance and special request of the party to be assessed, and in the mode desired, it would be an anomaly in the law if such party could afterwards impeach the proceedings, and have them declared void for want of notice or an opportunity to be heard.

Proceedings, whether *ex parte* or adversary, which result in the taking or depriving a person of his private property, are not wanting in "due process of law" if such person has, in advance, consented to the same. His request that they should be had is the equivalent of notice, or a waiver thereof. It would be absurd to say that a party, who had, by written petitions or power of attorney, requested or authorized a court of competent jurisdiction to enter up a judgment against him for a given sum, or for a sum to be ascertained, was entitled to notice of what the court did under and in pursuance of his authority, in order to give validity to its action. The judgment entered by the court without notice, but in conformity with the prayer of the petitions, would not be wanting in "due process of law." The previous request by the party to be affected, for the exercise of power conferred by law upon public officials,

is the substitute for notice; and the proceedings taken in conformity with such request and the provisions of law are not subject to the objection of being wanting in "due process of law," for lack of notice to, or an opportunity of hearing by, the petitioner.

Aside from the fact that the assessments complained of, or two of them, at least, were made at the special instance and request of complainant, and other owners of property abutting on the improvements, it appears that the city of Cincinnati is now proceeding by civil suit in the state court against complainant to collect the assessments in question. To that suit complainant may interpose any and all defenses going either to the validity or regularity of said assessments. Said suit gives him a full opportunity to be heard, and affords him the privilege of presenting every objection that can possibly be made, either under the constitution of the United States or under the constitution and laws of Ohio, to the validity of the assessments. It cannot be questioned that the judgment which may be rendered against complainant in said suit will constitute "due process of law."

Whether complainant is personally liable for the assessment made for the improvement of Grand avenue before he became the owner of the property abutting thereon, is not a federal question. If he or his property is held liable for that assessment, he, no doubt, may look to his grantors for indemnity under the covenants of their deed. In the foregoing respect, the present case is essentially different from that of *Scott* v. *City of Toledo*, 36 Fed. Rep. 385. It is not properly controlled by the opinion in that case, but is controlled by the decision of the state and supreme courts in the case of *Corry* v. *Campbell*, 3 Wkly. Cin. Law. Bul. 174, cited by counsel for respondents, which presented the same questions, and under substantially the same state of facts. The conclusion of this court is that complainant's bill should be dismissed, with costs to be taxed, and it is accordingly so ordered and decreed.